GLORIA E. AGOSTO VÁZQUEZ y ELEAZAR FERNÁNDEZ DIAMANTE, por sí y en representación de la SOCIEDAD LEGAL DE GANANCIALES compuesta por ellos, demandantes y peticionarios, *v.* F.W. WOOLWORTH & COMPANY y OTROS, demandados y recurridos.

*Número:* CC-97-168        *Resuelto:* 13 de mayo de 1997

*Felipe Cirino Colón*, abogado de la parte peticionaria.

PER CURIAM:

(Regla 50)

I

Durante las horas tempranas de la noche del 24 de diciembre de 1992, los esposos Gloria E. Agosto Vázquez y Eleazar Fernández Diamante realizaban sus compras de Navidad en la tienda Woolworth de Plaza Carolina. Las compras totalizaron en ciento ochenta y dos dólares con ochenta y cuatro centavos ($182.84) y se dispusieron a pagar esa cantidad con un cheque. Una vez complementado el cheque con la cantidad correspondiente, la cajera que los atendía anotó en la faz de éste el nombre de la tienda y la firma, el número de seguro social del codemandante, su número telefónico y el número de la tarjeta electoral. Sin embargo, el gerente de turno rehusó aceptarlo, ya que éste se había girado por más de cien dólares ($ 100) y que, por

haber sido presentado fuera de horas laborables, no era posible verificar la disponibilidad de fondos en el banco como lo requiere la política de la empresa.

La señora Agosto Vázquez se encontraba a unos quince (15) pies de distancia de donde su esposo y el gerente discutían; ella se acercó a ellos al observar los gestos agresivos que hacía el gerente contra el codemandante. Al aproximarse al gerente, la señora Agosto Vázquez le preguntó la razón por la que no aceptaba el cheque y éste le respondió: "porque no me da la gana." La codemandante le solicitó entonces que le permitiera hacer dos (2) cheques para, al así dividir la cantidad, evitar que un cheque se excediese de los cien dólares ($100). Ante esa sugerencia, el gerente se le acercó a una distancia donde ella podía sentir su respiración y, mientras señalaba con un dedo ante el rostro de ésta, le indicó en tono grosero que no aceptaría el cheque porque a él no le daba la gana y allí se hacía lo que el quería.

Afectada por esta situación, la señora Agosto Vázquez se sintió intimidada y salió de la tienda; su esposo se quedó para sacar la mercancía que excedía de cien dólares ($100). Mientras realizaba esas gestiones, éste notó que una persona hablaba con el gerente y gesticulaba, dirigiéndose a él y hacía donde se encontraba su esposa. Alarmado, el señor Fernández Diamante salió de Woolworth y encontró a su esposa en el suelo agarrándose la cabeza. Un guardia de seguridad la había visto sentada en un banco, gritando que su cabeza le quería explotar. El personal de Woolworth no les ofreció ayuda, por lo que la señora Agosto Vázquez fue llevada al Hospital Regional de Carolina en un vehículo de seguridad. Ella vomitó dentro del auto y también en el hospital.

En el hospital se le diagnosticó presión alta y se le brindó tratamiento médico; así permaneció allí hasta las 3:00 A.M. del día de Navidad. La señora Agosto Vázquez estuvo afectada emocionalmente y deprimida por varios

días, ya que sus hijos de tres (3) y seis (6) años no recibieron ciertos regalos esperados de Navidad. Esta fue la primera ocasión en que ella padeció de un episodio de alta presión. Por su parte, su esposo se sintió preocupado por la situación y ofendido ante la actitud hostil que el gerente había expresado hacia su esposa.

El 16 de febrero de 1995, la señora Agosto Vázquez y su esposo, por sí y en representación de la sociedad legal de gananciales compuesta por ambos, presentaron una demanda por daños y perjuicios contra F.W. Woolworth Co., ante el Tribunal de Primera Instancia, Subsección de Distrito de Carolina (Hon. Ángela L. De Jesús Collazo, Juez). Ese foro dictó sentencia el 17 de julio de 1996. En ella se declaró con lugar la demanda y se condenó a los demandados al pago de diez mil dólares ($10,000) a la codemandante Gloria E. Agosto Vázquez en concepto de los daños y angustias mentales sufridos por ésta; cinco mil dólares ($5,000) al codemandante Eleazar Fernández Diamante por las angustias mentales sufridas, y mil dólares ($1,000) en concepto de honorarios de abogado. Dicha sentencia fue notificada el 19 de julio de 1996.

Inconforme con dicha sentencia, Woolworth presentó un escrito de apelación ante el Tribunal de Circuito de Apelaciones, Circuito Regional de Carolina y Fajardo, el 19 de agosto de 1996. En éste alegó que el tribunal de instancia incurrió en la comisión de tres (3) errores: (1) al estimar que se había configurado una acción bajo el Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141; (2) al conceder una indemnización excesiva, y (3) al conceder honorarios de abogado.

El 31 de diciembre de 1996 el Tribunal de Circuito de Apelaciones emitió una sentencia en la cual encontró que los demandantes probaron su caso mediante preponderancia de la evidencia, por lo que procedía la indemnización por daños y perjuicios. Indicó que el acto u omisión culposo o negligente de la demandada consistió en el rechazo del

cheque de una manera grosera e irrespetuosa. No obstante, ese tribunal entendió que las cuantías otorgadas por daños a los demandantes resultaban excesivas e irrazonables, por lo que las modificó, reduciendo de diez mil dólares ($10,000) a tres mil dólares ($3,000) la cuantía en concepto de los daños y angustias mentales sufridos por la señora Agosto Vázquez, y de cinco mil dólares ($5,000) a quinientos dólares ($500) la otorgada al codemandante Eleazar Fernández Diamante por las angustias mentales sufridas por éste. Ese dictamen no intervino con la partida de mil dólares ($1,000) en concepto de honorarios de abogado. La notificación de dicha sentencia fue archivada en autos el 27 de enero de 1997.

El 11 de febrero de 1997 la parte demandante recurrida presentó oportunamente una moción de reconsideración ante el Tribunal de Circuito de Apelaciones, el cual la denegó mediante una Resolución emitida el 20 de febrero de 1997 y notificada el 5 de marzo de 1997.

El 4 de abril de 1997, las partes demandantes presentaron un recurso de *certiorari* ante este Tribunal. Éste presentó para nuestra evaluación el señalamiento de error siguiente:

> Erró el Tribunal de Circuito de Apelaciones al reducir en apelación las cuantías por concepto de daños y perjuicios determinadas por el Tribunal de Primera Instancia.[1]

En su único señalamiento de error aduce la parte demandante peticionaria que incidió el Tribunal de Circuito de Apelaciones al reducir las cuantías en concepto de daños determinadas por el tribunal de instancia. Argumenta que la cuantía otorgada por el tribunal de instancia como medida monetaria de sus daños no fue excesiva ni irrazonable y que la parte demandada no demostró ante el foro apelativo la existencia de circunstancias que hicieran meritoria su modificación. Sostiene haber aportado la evidencia ne-

---

[1] Petición de *certiorari* de 4 de abril de 1997, pág. 7.

cesaria para establecer la magnitud de los daños morales sufridos a consecuencia de la actuación negligente de la parte demandada.

## II

La responsabilidad civil por daños y perjuicios es precisamente el deber de resarcir al damnificado, otorgándole un valor económico al daño sufrido. El resarcimiento o indemnización pecuniaria consiste en atribuir al perjudicado la cantidad de dinero suficiente para compensar su interés perjudicado. Es como una subrogación real en que el dinero ocupará el lugar de los daños y perjuicios sufridos, y una atribución pecuniaria que crea una situación patrimonial que equivale a la destruida por el daño causado. *García Pagán v. Shiley Caribbean, Etc.*, 122 D.P.R. 193, 205–206 (1988); *Rodríguez Cancel v. A.E.E.*, 116 D.P.R. 443, 455–456 (1985); *Moa v. E.L.A.*, 100 D.P.R. 573 (1972).

Hemos determinado que el derecho que deberá ser compensado por daños no puede derrotarse meramente por el carácter especulativo que en alguna medida supone el cómputo de daños. *Odriozola v. S. Cosmetic Dist. Corp.*, 116 D.P.R. 485 (1985). Claro está, al medir los daños en un caso, el juzgador debe hacerlo sobre una estricta base de correspondencia con la prueba, procurando siempre que la indemnización no se convierta en una industria y que no lesione la economía. *Atiles Moreu, Admor. v. McClurg*, 87 D.P.R. 865 (1963). Este deber de los jueces tiene el propósito de conservar el sentido remediador y no punitivo que encarna el Art. 1802 del Código Civil, *supra. Vda. de Valentín v. E.L.A.*, 84 D.P.R. 112 (1961).

Asimismo, este Foro ha señalado que si bien es cierto que no existen dos (2) casos exactamente iguales y que cada caso es distinguible según sus propias circunstancias, a los fines de determinar si la valorización de los da-

ños en un caso específico es o no adecuado, ciertamente resulta de utilidad examinar las cuantías concedidas por este Tribunal en casos similares anteriores, sin que ello implique que éstos se puedan considerar como precedentes obligatorios. *Velázquez Ortiz v. U.P.R.*, 128 D.P.R. 234 (1991); *Elba A.B.M. v. U.P.R.*, 125 D.P.R. 294 (1990); *Rodríguez Cancel v. A.E.E.*, supra.

Compete así referirnos al caso *Santiago v. Sears Roebuck*, 102 D.P.R. 515 (1974), por implicar éste hechos parecidos al caso de autos. En dicho caso, los esposos Santiago, demandantes, poseedores de una tarjeta de crédito de la recurrida Sears, acudieron a un establecimiento de ésta y compraron varios artículos. Al intentar pagar con su tarjeta, se les informó que debían ir al departamento de crédito. Allí se les indicó, en presencia de varias personas, que su cuenta indicaba varios atrasos en los pagos. La empleada a cargo, al dirigirse a ellos, hacía gestos y concluyó diciéndoles que no podían llevarse la mercancía. Como consecuencia de la espera y la actitud de la empleada, la señora Santiago comenzó a llorar, le dieron vómitos y tuvo serios trastornos. Durante la semana siguiente comenzó a mejorar. No empece a que Sears admitió el error incurrido por su empleada, el tribunal de instancia declaró sin lugar la demanda. Este Tribunal revocó la sentencia del foro inferior al resolver que un comerciante es responsable bajo nuestro derecho civil por los errores que se incurran, aun cuando se cometan de entera buena fe, que lleven a la violación del contrato de crédito. Asimismo, determinó que un comerciante es responsable por aquellos actos de sus empleados que sean lesivos a la dignidad de otras personas. Por consiguiente, este Tribunal condenó a Sears a pagar a los esposos Santiago mil dólares ($1,000) en concepto de daños. Sin embargo, el caso que nos ocupa incumbe daños más severos. Nótese, además, que *Santiago v. Sears Roebuck*, supra, fue decidido hace veintitrés (23) años, por lo

que dicha cuantía sería hoy mayor, tomando en consideración los aumentos en el costo de vida.

███ Es menester recordar, además, que reiteradamente hemos establecido que los tribunales apelativos no deben intervenir con la estimación de los daños que realicen los tribunales de instancia a menos que las cuantías concedidas sean ridículamente bajas o exageradamente altas. *Quiñones López v. Manzano Pozas*, 141 D.P.R. 139 (1996); *Cotto Morales v. Ríos*, 140 D.P.R. 604 (1996); *Rosado v. Supermercado Mr. Special*, 139 D.P.R. 946 (1996); *Valldejuli Rodríguez v. A.A.A.*, 99 D.P.R. 917 (1971). La parte que solicita la modificación de los daños está obligada a demostrar la existencia de las circunstancias que hacen meritorio que se modifiquen. *Canales Velázquez v. Rosario Quiles*, 107 D.P.R. 757 (1978).

En el caso de autos, conforme surge de la sentencia del tribunal de instancia, además de haber sufrido un episodio de alta presión y de haber estado en el hospital hasta las 3:00 a.m. el día de Navidad, la demandante señora Agosto Vázquez padeció de dolores de cabeza y se sintió deprimida, triste e impotente durante varios días. Por su parte, su esposo, el señor Fernández Diamante, se sintió ofendido ante la actitud hostil del gerente hacia su esposa y, además, estuvo preocupado por la salud de ésta. Siendo tales los daños y los angustias mentales determinados por el tribunal de instancia, estimamos que las cuantías de diez mil dólares ($10,000) y cinco mil dólares ($5,000) concedidas a la señora Agosto Vázquez y a su esposo, respectivamente, resultan ser una compensación de carácter punitivo, más que una medida compensatoria.

Por otro lado, somos del criterio que la cuantía concedida por el Tribunal de Circuito de Apelaciones como compensación a las partes demandantes peticionarias por los daños sufridos es demasiado baja. Estimamos excesiva la reducción decretada por el foro apelativo en cuanto a la

cuantía de daños otorgados a la señora Agosto Vázquez, de diez mil dólares ($10,000) a tres mil dólares ($3,000), y de cinco mil dólares ($5,000) a quinientos dólares ($500) al codemandante, señor Fernández Diamante. La cantidad total de tres mil quinientos dólares ($3,500) concedida por el foro a quo resulta irrazonable e insuficiente. Procede entonces la imposición de una cuantía que justamente responda a los daños ocurridos.

Por los fundamentos expuestos, y al amparo de la Regla 50 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXII, *expedimos el auto de "certiorari" solicitado y modificamos la sentencia recurrida en cuanto a las cuantías otorgadas por daños y perjuicios, para conceder a la demandante peticionaria Gloria E. Agosto Vázquez la suma de seis mil dólares ($6,000), y a su esposo, el codemandante peticionario Eleazar Fernández Diamante, la suma de dos mil quinientos dólares ($2,500). Confirmamos la sentencia recurrida en cuanto a la partida de mil dólares ($1,000) para honorarios de abogados.*

*Se dictará sentencia de conformidad.*

La Juez Asociada Señora Naveira de Rodón hace constar que disiente por entender que la sentencia emitida por el Tribunal de Primera Instancia y las cuantías concedidas son correctas, y que el Tribunal de Circuito de Apelaciones se equivocó al revocarla y modificar las cuantías. Tampoco está de acuerdo con la modificación que de las cuantías hace la mayoría del Tribunal. El Juez Asociado Señor Hernández Denton se une a las expresiones de la Juez Asociada Señora Naveira de Rodón.