Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| AMILCAR JUARBE MORALES Y OTROS<br><br>Apelado<br><br>v.<br><br>CARIBBEAN RESTAURANTS LLC DBA BURGER KING Y OTROS<br><br>Apelante | TA2025AP00085 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Salinas<br><br>Civil Núm.: SA2022CV00280<br><br>Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa,[1] el Juez Salgado Schwarz y el Juez Monge Gómez.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de noviembre de 2025.

Comparece Caribbean Restaurants LLC DBA Burger King mediante recurso de apelación y solicita que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Salinas, emitida el 6 de junio de 2025. En dicho dictamen, se condenó al apelante a pagar un total de cuarenta y dos mil ciento noventa y uno dólares con setenta y ocho centavos ($42,191.78) por daños y perjuicios. Por los fundamentos que expondremos, confirmamos la *Sentencia* recurrida.

En síntesis, el caso de epígrafe trata de una demanda por daños y perjuicios. Según el expediente, el 22 de julio de 2022 el señor Juarbe Morales, cuando tenía sesenta y ocho (68) años, resbaló y sufrió una caída debido a que el piso de la rampa que da a una de las entradas del

---

[1] Mediante OATA-2025-187 se designó al Hon. Carlos I. Candelaria Rosa en sustitución del Hon. Félix R. Figueroa Cabán, quien desde el 6 de mayo de 2025 dejó de ejercer funciones como Juez del Tribunal de Apelaciones.

establecimiento se encontraba mojado. Poco después de la caída, una empleada llenó un *Informe de Incidente* en el cual describió lo observado sin incluir alguna mención de la presencia de algún cono o señal para indicarle al público que existía una condición de peligrosidad; esto, a pesar del *Manual de Manejos de Incidentes* de Burger King requerir que se mencione si se había colocado dicho rótulo.

Según los apelados alegan, en la Sala de Emergencia del Hospital de Utuado se encontró que el señor Juarbe Morales sufrió impacto y trauma en el tobillo derecho, glúteos y espalda, principalmente. En consecuencia, el apelado recibió ocho (8) o más terapias y ha estado tomando los medicamentos recetados, aunque todavía tiene un persistente dolor en la rodilla izquierda y espalda, por lo cual entiende que podía haber sufrido un daño físico permanente. Igualmente, el apelado plantea sufrir de angustias mentales y daños emocionales producto de la caída y de los cambios que ésta ha conllevado en su vida diaria.

A razón de lo anterior, el señor Juarbe Morales y su esposa, la señora Milta Enid Cruz Pérez, demandaron a Burger King por daños y perjuicios por un total de ciento treinta y uno mil quinientos ($131,500.00) dólares. En respuesta, la apelante alegó que el señor Juarbe Morales fue negligente al caminar en forma despreocupada y descuidada, asumiendo así el riesgo y las consecuencias de su acción.

Luego de varios trámites procesales, el Tribunal celebró varias vistas para el interrogatorio de los testigos. En lo que nos incumbe, el señor Juarbe Morales declaró que: (1) anterior al accidente, éste no padecía de alguna condición que le afectara el caminar; (2) logró entrar

el restaurante de Burger King sin problemas; (3) luego de ordenar su comida, salió del restaurante por donde había entrado y, al salir y abrir la puerta hacia la orilla en la acera—y sin usar el pasamanos o mirar al piso—se resbaló dentro de una rampa y se cayó al final de la misma; (4) no sabe con qué resbaló, pero sí notó que su ropa estaba mojada; (5) no había alguna advertencia de peligro en el área; (6) debe ahora usar un bastón para caminar, además de que un fisiatra le sugirió que tomara nueve (9) terapias; y (7) se siente humillado por su incapacidad de estar activo y ayudar a otros, más no ha podido trabajar con hojalatería desde el accidente.

De su parte, la señora Cruz Pérez testificó que: (1) vio al señor Juarbe Morales cuando éste ya estaba tirado en el área del servicarro; (2) él camina demasiado lento, al igual que es lento para hacer los trabajos y no se puede levantar con facilidad como antes; (3) la señora Cruz Pérez tuvo que a veces esperar en el carro por dos (2) horas en el calor esperando que él terminara con su cita de terapia física. Por otro lado, el señor Pedro Juan García Cebollero, un testigo de los hechos, admitió que el área del accidente estaba mojada y observó al señor Juarbe Morales tirado en el piso, pero no reconoce haber percibido algún objeto más en las inmediaciones del accidente.

Durante estas vistas, la subgerente de Burger King, la señora Yiramzie Martínez Ríos, declaró que (1) la limpieza diaria del establecimiento incluye el interior y el exterior del restaurante, tal como el carril del servicarro, las aceras y el área de estacionamiento; (2) cuando sale por el lateral del servicarro, la señora Martínez Ríos notó que el suelo estaba mojado por la limpieza terminada hace unos quince (15) minutos; (3) al final de la acera había un letrero de *wet floor* y vio

al señor Juarbe Morales tirado en medio del área del servicarro, un poco distante de la baranda; (4) el señor Juarbe Morales le dijo que tenía dolor; y (5) reconoció que pudo haber escrito que hubo o no un cono en el *Informe de Incidente.*

Evaluada toda la prueba, el Tribunal recurrido emitió una *Sentencia* y concluyó que Burger King fue negligente al incumplir su deber de mantener dicho establecimiento en condiciones de seguridad de tal manera que sus clientes no sufrirían daño alguno. Ante esta falta de medidas necesarias y razonables para evitar que ocurriera un accidente, la parte apelada sufrió de daños y perjuicios que se estiman a la cantidad de veintiséis mil trescientos sesenta y nueve dólares con treinta y seis centavos ($26,369.36) por daños físicos, y diez mil quinientos cuarenta y siete dólares con noventa y cinco centavos ($10,547.95) por los daños emocionales y mentales del señor Juarbe Morales, más cinco mil doscientos setenta y tres dólares con noventa y siete centavos ($5,273.97) por concepto de daños emocionales de la señora Cruz Pérez.

Insatisfecha, la apelante recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al (1) determinar que Burger King incurrió en un acto negligente por el cual se le deba imputar responsabilidad por los daños sufridos por la apelada e invertir el peso de la prueba en ausencia de una estricta base de correspondencia con la prueba testifical y documental; (2) descartar que la causa eficiente que causó los daños obedeció a la negligencia de la apelada conforme la doctrina de negligencia comparada y asunción de riesgo; y (3) indemnizar a la parte apelada por daños y perjuicios y angustias mentales por resultar contrario a la normativa jurisprudencial de

valoración. En oposición, los apelados argumentan que (1) el Tribunal de Apelaciones le debe deferencia a la apreciación de la prueba, la determinación de hechos y a la valoración de los daños del Tribunal de Primera Instancia; (2) que el Tribunal recurrido le dio entero crédito a las declaraciones del señor Juarbe Morales en cuanto a los daños sufridos y los tratamientos médicos recibidos; y (3) los testimonios de los testigos y la prueba documental presentada e incontrovertida son suficientes para evidenciar la negligencia de Burger King como establecimiento comercial y los daños sufridos.

Vale recordar que en nuestro ordenamiento jurídico se presume que los tribunales actúan con corrección, por lo que compete a la parte apelante la obligación de demostrar lo contrario. *Morán v. Martí*, 165 DPR 356 (2005) (*Per Curiam*). Dicho de otro modo, los foros apelativos debemos otorgar gran deferencia a las determinaciones de hechos, la apreciación de la prueba testifical y las adjudicaciones de credibilidad que hacen los foros primarios. *SLG Fernández-Bernal v. RAD-MAN*, 208 DPR 310 (2021). Ello responde a que es el foro primario quien ve, escucha y aprecia la conducta de los testigos y, por tanto, está en mejor posición para evaluar y aquilatar la prueba presentada en el juicio. *Pena Rivera v. Pacheco Caraballo*, 213 DPR 1009 (2024) (citando a *Ortiz Ortiz v. Medtronic*, 209 DPR 759 (2022); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194 (2021)). Esto incluye cuando la evidencia directa de un testigo le merece entero crédito al Tribunal de Primera Instancia, lo cual, por efecto, se consideraría como prueba suficiente de cualquier hecho. *Sucn. Rosado v. Acevedo Marrero*, 196 DPR 884 (2016) (citando a *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015); *Meléndez Vega v El Vocero de*

*PR*, 189 DPR 123 (2013)). Como consecuencia, los foros revisores no deben intervenir con las determinaciones de hechos de los jueces de instancia, salvo que medie error manifiesto, pasión, prejuicio o parcialidad. Íd. (citando a *Ortiz Ortiz v. Medtronic*, *supra*; *Santiago Ortiz v. Real Legacy et al.*, *supra*). Véase Regla 42.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V).

Por otro lado, el Código Civil de 2020 obliga a cualquier persona que causa daño por culpa o negligencia, a reparar el daño causado. Art. 1536 del Código Civil de 2020, 31 LPRA sec. 10801. De la parte perjudicada reclamar resarcimiento por los daños sufridos, esta deberá establecer (1) la existencia de un daño real; (2) el nexo causal entre el daño y la acción u omisión del demandado; y (3) el acto u omisión cual tiene que ser culposo o negligente. *Pérez Hernández et al. v. Lares Medical Center, Inc. et al.*, 207 DPR 965 (2021) (citando a *López v. Porrata Doria*, 169 DPR 135, 150 (2006)). Dicho esto, nuestra jurisprudencia ha reconocido que los daños mentales o emocionales—es decir, el antes llamado sufrimiento moral—es un hábito ordinario de la vida, especialmente cuando una persona sufre físicamente o percibe el sufrimiento de un ser querido. *Moa v. ELA*, 100 DPR 573 (1972). Por tanto, este tipo de daño es o debe ser de conocimiento judicial, aun cuando no se ofrezca evidencia alguna al efecto, aunque sí será necesario que el reclamante demuestre que no se trata de una simple pena pasajera. Íd.

Ahora bien, de ocurrir imprudencia concurrente—es decir, de cometerse culpa o negligencia por dos o más partes involucradas en los hechos—el perjudicado no estará eximido de responsabilidad, pero se reducirá la indemnización adjudicada a él en proporción al grado de tal

imprudencia. Art. 1545 del Código Civil de 2020, 31 LPRA sec. 10810; *SLG Colón-Rivas et al. v. ELA et al.*, 196 DPR 855 (2016) (citando a H.M. Brau Del Toro, *Los daños y perjuicios extracontractuales en Puerto Rico*, 2.ª ed., San Juan, Pubs. JTS, 1986, Vol. I, pág. 410). De alegarse negligencia comparada, los tribunales deberán individualizar la compensación por daños según la proporción de descuido o negligencia de cada parte involucrada mediante el análisis de los hechos y las circunstancias que mediaron en el caso, más si hubo una causa predominante. Íd. (citando a H.M. Brau Del Toro, *op cit.*, pág. 412). La negligencia concurrente puede manifestarse en la llamada asunción de riesgo, la cual es cuando un demandante se coloca en una posición en que se ha de enfrentar con riesgos potenciales conocidos por éste y los cuales una persona prudente ordinariamente evitaría. Véase *Viñas v. Pueblo Supermarket*, 86 DPR 33 (1962).

Sabido lo anterior, la culpa o negligencia es la falta u omisión del debido cuidado al no anticipar y prever las consecuencias racionales de un acto que una persona prudente habría previsto en las mismas circunstancias. *Siaca v. Bahía Beach Resort & Golf Club, LLC. et al.*, 194 DPR 559 (2016) (citando a *Toro Aponte v. ELA*, 142 DPR 464, 473 (1997)). De alegarse responsabilidad por omisión, es necesario evaluar (1) la existencia o inexistencia de un deber jurídico de actuar por parte del alegado causante del daño, y (2) si de haberse realizado el acto omitido se hubiera evitado el daño. Íd. (citando a *Toro Aponte v. ELA*, *supra*). La mera ocurrencia de un accidente no puede constituir prueba concluyente demostrativa de conducta lesiva antijurídica de la parte demandada. *Colón González v. K-Mart*, 154 DPR 510 (2001) (citando a J. Santos Briz, *Comentarios al Código Civil y compilaciones forales*

(M. Albaladejo, ed.), Madrid, Ed. Rev. Der. Privado, 1984, T. XXIV, pág. 104).

De su parte, la previsibilidad es un elemento fundamental de la responsabilidad por culpa o negligencia, pero varía dependiendo del estándar de conducta que sea aplicable y el peligro que una persona prudente pueda anticipar. *SLG Colón-Rivas v. ELA*, *supra* (citando a *Hernández Vélez v. Televicentro*, 168 DPR 803 (2006); *ABM v. UPR*, 125 DPR 294 (1990); *Hernández v. La Capital*, 81 DPR 1031 (1960)). En lo pertinente al presente caso, una persona o empresa que tiene un establecimiento comercial abierto al público debe tomar las medidas necesarias—es decir, ejercer el cuidado razonable—para mantener la seguridad de las áreas accesibles al público, y así evitar que sus clientes sufran algún daño. *Santiago v. Sup. Grande*, 166 DPR 796 (2006) (citando a *Colón y otros v. K-Mart y otros*, *supra*). Por lo tanto, dicho establecimiento deberá anticipar, al igual que evitar, que ocurran daños en el establecimiento. Íd. No obstante, por los establecimientos comerciales no tener la responsabilidad absoluta sobre cualquier tipo de daño sufrido por sus clientes, el demandante tiene que demostrar que el establecimiento incurrió en un acto u omisión negligente que causó o contribuyó a los daños sufridos por el perjudicado, y que la condición que ocasionó el daño era conocido, o debió de ser conocido, por tal establecimiento. Íd. (citando a *Colón y otros v. K-Mart y otros*, *supra*; *Cotto v. C.M. Ins. Co.*, 116 DPR 644 (1985)); *Colón y otros v. K-Mart y otros*, *supra*.

Por último, es sabido que nuestro ordenamiento no dispone de una computación uniforme y concreta de la cual los tribunales pueden calcular el valor de los daños presentados ante ellos de tal manera que

todas las partes queden complacidas y satisfechas. Véase *Santiago Montañez et al. v. Fresenius Medical Care et al.*, 195 DPR 476 (2016); *Rodríguez et al. v. Hospital et al.*, 186 DPR 889 (2012). Por tanto, los foros apelativos no pueden intervenir con la estimación de los daños realizados por los foros primarios, salvo cuando la cuantía concedida advenga exageradamente baja o alta. *Santiago Montañez et al. v. Fresenius Medical Care et al.*, *supra*; *Rodríguez et al. v. Hospital et al.*, *supra*. Por el elemento especulativo de tal computación, los jueces de instancia están en mejor posición para a hacer la evaluación al tener contacto directo con la prueba presentada. *Santiago Montañez et al. v. Fresenius Medical Care et al.*, *supra*; *Rodríguez et al. v. Hospital et al.*, *supra*. Tal evaluación se logrará mediante (1) la prueba desfilada; (2) las concesiones de daños en casos anteriores similares, cuales constituirán como punto de partida y cuyo valor debe ajustarse al presente mediante el poder adquisitivo del dólar; y (3) adecuar la compensación anterior a una nueva económica que goza de un nivel mayor de estándar de vida, bienes y servicios. *Herrera, Rivera v. SLG Ramírez-Vicéns*, *supra* (citando a *SLG v. FW Woolworth & Co.*, 143 DPR 76 (1997); *Rojas v. Maldonado*, 68 DPR 818 (1948); A.J. Amadeo Murga, *El valor de los daños en la responsabilidad civil*, San Juan, Ed. Esmaco, 1997, T. I, pág. 95).

En el presente caso, el Tribunal de Primera Instancia actuó correctamente al adjudicar la totalidad de la responsabilidad contra Burger King. Del expediente se desprende, no solamente varios testimonios sobre cómo no se observó un letrero que advirtiera a los clientes de un peligro, sino también el *Informe de Incidente* omitió mencionar la presencia de tal letrero. Igualmente, aunque los apelados

no presentaron prueba documental de los daños sufridos, el Tribunal recurrido tiene la facultad de tomar cualquier testimonio con entero crédito, lo cual convertiría dichas declaraciones como suficientes para evidenciar un hecho.

Sabido esto, la compensación adjudicada en contra de Burger King no fue excesivamente alta, especialmente cuando consideramos que la apelante no presentó prueba que controvirtiera las declaraciones de los apelados en cuanto a la cantidad monetaria equivalente a los daños sufridos, al igual que referenció casos del Tribunal Supremo y del Tribunal de Apelaciones que no se asemejan a los hechos de la presente controversia porque las víctimas de los daños sufrieron caídas a causa de objetos sólidos o pisos mojados que estaban claramente visibles. De hecho, en la *Sentencia* de *Soto Santiago v. Doe*, KLAN201901225 (14 de diciembre de 2021)—un caso más similar a los hechos del presente caso—se adjudicó lo que sería hoy día cuarenta y cinco mil ($45,000.00) dólares, un monto aún mayor al dispuesto en este caso. Por tanto, la adjudicación en contra Burger King por un total de cuarenta y dos mil ciento noventa y uno dólares con setenta y ocho centavos ($42,191.78) por daños y perjuicios es adecuada en las circunstancias presentes.

Por los fundamentos expresados, confirmamos la *Sentencia* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones